IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| TERESA JENKINS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: 5:18-cv-176-TBR |
| v. | ) |
| | ) JURY DEMAND |
| TREEHOUSE FOODS, INC., | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT

COMES NOW the Plaintiff, Teresa Jenkins, by and through her undersigned counsel, and for her Complaint states as follows:

## NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky and is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

## THE PARTIES

2. Ms. Jenkins is a resident of Princeton, Caldwell County, Kentucky who was, at all relevant times, an employee of Defendant Treehouse Foods at its Princeton, KY facility.

3. Defendant Treehouse Foods, Inc. operates in Kentucky through its subsidiary, Treehouse Private Brands, Inc., which is a Missouri corporation with its principal office at 2021 Spring Road, Suite 600, Oak Brook, IL 60523. Its registered agent for service of process is CT

Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY 40601.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Jenkins' federal claims pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, because they raise federal questions pursuant to 29 U.S.C § 1331. The Court also has supplemental jurisdiction over Ms. Jenkins' state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Jenkins in Caldwell County, Kentucky, which is located within this judicial district.

6. Ms. Jenkins filed a timely charge of discrimination and an amended charge of discrimination with the Equal Employment Opportunity Commission with respect to her claims pursuant to the Americans with Disabilities Act and the Age Discrimination in Employment Act, copies of which are attached hereto as <u>Exhibit A</u>. Ms. Jenkins received a Notice of Right to Sue from the EEOC with respect to her federal claims set forth below less than ninety days prior to the filing of this Complaint. A copy of Ms. Jenkins' Notice of Right to Sue letter is attached hereto as <u>Exhibit B</u>.

## FACTUAL BACKGROUND

7. Defendant operates a facility in Princeton, Kentucky at which it makes goods such as crackers for grocery stores and other private labels.

8. Ms. Jenkins worked for Defendant for over seventeen years as a Sig Operator, running a machine that wrapped product.

9. Ms. Jenkins performed her job competently at all times.

10. Ms. Jenkins had a stroke in 2015, another stroke in 2016, and a third in June 2017.

11. Ms. Jenkins did not miss work time after her first two strokes.

12. Ms. Jenkins' third stroke made her left arm numb below the elbow, which required her to take off work for two months to undergo physical therapy.

13. Ms. Jenkins returned to work after her therapy and was fully able to perform her job.

14. On the day she returned to work, however, when she went to the Human Resources office to provide her doctor's note allowing her to return to work, the Human Resources employee asked how old she was and, when she responded that she was fifty-seven, told her that she needed to quit work and get on disability before he had to fire her for being unable to perform her job because of her health issues.

15. On or about September 25, 2017, a young male employee told Ms. Jenkins she should quit so someone younger could have the job because she was too old.

16. Ms. Jenkins referred this issue to the Human Resources department but it took no disciplinary action against the other employee.

17. Soon thereafter, Ms. Jenkins reported another employee for misusing prescription medications but, instead of taking any action regarding her report, Defendant wrote up Ms. Jenkins for supposedly not cleaning up her work area or helping others on the job.

18.     Ms. Jenkins had not failed to perform her job in any way and requested that management review the cameras that would show the lack of basis for the write up against her but Defendant did nothing.

19.     Ms. Jenkins called Defendant's corporate hotline and reported the attacks against her but it also took no action to protect Ms. Jenkins.

20.     The statements about Ms. Jenkins' health and age continued but Defendant took no action.

21.     Still, Ms. Jenkins continued to report to work and perform her job to the best of her ability every day.

22.     On or about April 6, 2018, an employee made a complaint regarding the conduct of the entire work line, after which Defendant terminated Ms. Jenkins, again falsely claiming that she was not cleaning her work area or helping her coworkers.

21.     Defendant's disparate treatment of Ms. Jenkins was because of her age and/or was motivated by Defendant regarding Ms. Jenkins as disabled because of her history of strokes.

22.     The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

23.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Jenkins has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

24. Ms. Jenkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 23.

25. As set out herein, Defendant harassed Ms. Jenkins and subjected her to adverse action because of her age.

26. Defendant's actions alleged herein constitute discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

27. As a direct and proximate result of Defendant's adverse treatment of Ms. Jenkins in violation of the Age Discrimination in Employment Act, Ms. Jenkins was injured and suffered damages.

28. Ms. Jenkins has sustained a loss of back pay, benefits, incidental expenses, and front pay.

29. Defendant's actions on the basis of Ms. Jenkins' age were committed willfully and with knowledge that they violated the Age Discrimination in Employment Act, entitling Ms. Jenkins to an award of liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT –
### REGARDED AS DISABLED

30. Ms. Jenkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 29.

31. Defendant's actions constitute a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

32. Ms. Jenkins was able to perform the essential functions of her job.

33. Defendant, however, regarded Ms. Jenkins as disabled because of her history of having strokes and her decreased use of her left arm.

34. As a direct and proximate result of Defendant's adverse treatment of Ms. Jenkins in violation of the Americans with Disabilities Act, Ms. Jenkins was injured and suffered damages.

35. Ms. Jenkins has sustained a loss of back pay, benefits, incidental expenses, and front pay.

36. Defendant engaged in the discriminatory practices alleged in the third cause of action with malice and/or with reckless indifference to Ms. Jenkins' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT III

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

37. Ms. Jenkins realleges and incorporates herein the allegations contained in Paragraphs 1 – 36.

38. Defendant's harassment and adverse actions against Ms. Jenkins based on her age and/or Defendant's perception of Ms. Jenkins as disabled constitutes illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

39. As a result of Defendant's conduct, Ms. Jenkins suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this case;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded liquidated damages equal to the amount of her lost compensation pursuant to 29 U.S.C. § 626(b) for Count I;

6. That the Plaintiff be awarded additional compensatory damages including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial for Counts II and III;

7. That Defendant be ordered to pay punitive damages pursuant to Count II in an amount to be determined at trial;

8. That costs and attorney's fees be assessed against Defendant pursuant to 29 U.S.C. §§ 626(b) & 216(b), 42 U.S.C. § 12205, and Ky. Rev. Stat. § 344.450;

9. That costs and discretionary costs be taxed against Defendant;

10. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

12. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger,     KY BAR # 91861
                      TN BPR # 021714

Boehl, Stopher, & Graves, LLP
410 Broadway
Paducah, KY  42001
Voice: (270) 442-4369
Fax:    (270) 442-4689

wsullenger@bsgpad.com

*Attorney for the Plaintiff,
Teresa Jenkins*